IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| PARNEY D. DICKERSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:12-CV-131-CDL-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| _____ | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1]     Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

**Administrative Proceedings**

Plaintiff filed an application for disability insurance benefits (DIB) on October 2, 2009 (Tr. 63) and claimed therein that she has been disabled from work since November 15, 2008 as a result of panic attacks, anxiety, "shaking all over," as well as inability to sleep or eat, shortness of breath and concentration problems. She has had thyroid cancer in the past. (Pl.'s Br. 1.) Her DIB application was denied both initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge (ALJ). The hearing was held on March 28, 2011. An unfavorable decision was rendered on July 15, 2011 at which time Plaintiff was 53 years of age. Thereafter, Plaintiff sought review of the ALJ's decision before the Appeals Council (AC) which denied review on August 3, 2012. (Tr. 1-5.)

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 17.) The ALJ found that Plaintiff had the severe impairments of generalized anxiety disorder and depression. (*Id.*) The ALJ then determined that Plaintiff's severe impairments did not meet or medically equal, either individually or combined, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18.)

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to understand, remember, and carry out simple instructions that involve only minimal

interaction with the public and do not involve production work. (Tr. 19.) The ALJ then determined that Plaintiff was unable to perform her past relevant work as an administrative assistant, general clerk, or assembler. (Tr. 20.) The ALJ noted that Plaintiff was 50 at the time of her original alleged onset date, which is considered to be an individual closely approaching advanced age. (Tr. 21.) The ALJ found that Plaintiff had the equivalent of a high school education and could communicate in English. (*Id.*) Considering her age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform. (*Id.*)

## ISSUES

I.   **Whether the ALJ properly applied the treating physicians rule.**

II.  **Whether the Appeals Council erred in denying review of Plaintiff's case.**

III. **Whether the ALJ erred in determining Plaintiff's residual functional capacity.**

IV.  **Whether the ALJ erred in evaluating Claimant's credibility.**

## DISCUSSION

I.   **Did the ALJ properly apply the treating physicians rule?**

In his first enumeration of error, Plaintiff contends that the ALJ discounted the opinion of her treating physician, Dr. Sreeroop Sen without good cause. (Br. of Pl. 11, ECF No. 11.)

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Phillips v. Barnhart,* 357 F.3d 1240,

5

1241 (11th Cir. 2004) (quotation and citation omitted).  The Eleventh Circuit has found that "good cause" exists where:  (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  *Id.*  The Regulations state that the weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source.  20 C.F.R. §§ 416.927(c) and 404.1527(c).

The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p.  The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991).

Here, the ALJ expressed clearly that he gave Dr. Sen's opinions "less than controlling weight."  (Tr. 19.)  He did not give the opinions "little weight," as Plaintiff states in her brief.  (Pl.'s Br. 7.)  The question is whether he had "good cause" to do so. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d. 1155, 1159 (11th Cir. 2004).

First, the ALJ found that Dr. Sen's opinions regarding Plaintiff's physical and mental capacities were inconsistent with his own office notes. (Tr. 19.) Dr. Sen stated in October 2009 that Plaintiff's mental condition did not result in functional limitations. (Tr. 224-34.) His March 2011 opinion is completely different. (Tr. 314-21.) The change in opinion is unexplained–not the result of objective testing or established clinical and laboratory technique–but is rather based on Plaintiff's subjective complaints and nothing more. The ALJ expressed as much when he found that Dr. Sen "relied too heavily on the claimant's subjective presentation and complaints." (Tr. 19-20.) *Pettaway v. Astrue,* 376 F. App'x 889, 891 (11th Cir. 2010).

Also, the March 2011 opinion conflicted with other evidence of record, including the mental RFC and Plaintiff's activities of daily living. If the opinion of a physician is contradicted by other evidence which the ALJ identifies, the opinion may be discounted. *Phillips,* 357 F.3d at 1252. While her activities of daily living are not extensive, Plaintiff reported marijuana use one to two times daily over an extended period of time (Tr. 243), which may explain her lack of motivation. But her daily activities are still not as restricted as the March 2011 opinion of Dr. Sen indicates. Indeed, Plaintiff left her most recent job not because she was disabled but due to a lack of work. (Tr.241.) She sought and received unemployment compensation on that basis according to her own testimony. (Tr. 41-48.) While Plaintiff testified that she recently found herself in extreme distress for a number of days because her puppy died, (Tr. 47) she admitted that she represented to the "unemployment office" (Tr. 47) that she was available and capable of work in pursuing her claim for unemployment benefits. Therefore, the ALJ found based on the

7

record evidence including Plaintiff's testimony that she could function outside of her home.  (Tr. 18.)

The ALJ also adequately reviewed whether Plaintiff met Listing B and C criteria. He did so as part of his decision to afford the opinion of a primary care physician less than controlling weight in evaluating the mental impairments of alleged anxiety and depression and further did so in a manner sufficient to provide Plaintiff meaningful judicial review of his decision.  The first error asserted by Plaintiff is without merit.

## II. Did the Appeals Council err in denying review of Plaintiff's case?

In her second enumeration of error, Plaintiff argues that further evidence of her disabling anxiety in the form of an opinion by Dr.Bamashmus was submitted to the AC which then improperly denied review.  (Br. of Pl. 10.)  Dr. Sen is a primary care doctor and not a specialist.  Dr. Bamashmus is a psychiatrist who conducted an initial evaluation of Plaintiff in March 2012, well after the unfavorable decision by the ALJ.  Since the opinion of Dr. Bamashmus is the only opinion in the record by a psychiatrist, Plaintiff is correct in her assertion that it is noncumulative evidence.  But, Dr. Bamashmus did not find a new and undiscovered preexisting condition from which Plaintiff suffers.  He ruled out any psychosis and stated that he could not confirm either hypomanic or manic symptoms.  (Tr. 336; Ex. 16-F.)  He opined nothing more than "combination of PTSD from childhood, possibly borderline personality disorder," but did so without any objective testing.  (*Id*.)  He merely reviewed the same history of complaints covered by Dr. Sen with added detail.  Nonetheless, he found Plaintiff to be fully oriented with normal memory and intact judgment and insight.  (Tr. 338.)  Plaintiff denied any drug

8

history to Dr. Bamashmus despite her admitted long term daily use of marijuana. Nothing new resulted from Plaintiff's single clinical presentation to Dr. Bamashmus. Rather, he found some deterioration in her anxiety and depression which he treated with the same medication Dr. Sen had prescribed, adding an additional medication to the existing treatment regimen. (Tr. 337.)  It is not new evidence likely to change the result reached by the ALJ but the type of evidence which, while not probative of disability during the time period under review, may be asserted in a new application for benefits. *Leiter v. Comm'r of Soc. Sec.,* 377 F. App'x 944, 950 (11th Cir. 2010). The second asserted error also lacks merit.

### III.    Did the ALJ err in determining Plaintiff's residual functional capacity?

Third, Plaintiff asserts that the ALJ formulated an incomplete and unexplained RFC that failed to accurately reflect limitations imposed by the ALJ and the examining consultant. (Pl.'s Br. 12.)  Plaintiff particularizes her argument in this regard alleging that the ALJ erred in his finding that she is capable of unskilled work, erred also in his evaluation of her ability to deal with stress, and erred further in assessing her social limitations.  After conducting the required psychiatric review technique (PRT) the ALJ found Plaintiff to have moderate limitations in maintaining concentration, persistence and pace.  Although Plaintiff contends that her primary care physician found her markedly limited in her ability to maintain attention and concentration for extended periods, the opinion of the physician was properly discounted by the ALJ for valid reasons as discussed above.  The ALJ turned instead to the findings of Justin Huthwaite, Psy D., a specialist, who established that Plaintiff could maintain an average pace of work, persist

in assigned tasks and communicate as required with other persons. (Tr. 246.) Dr. Huthwaite considered Plaintiff to be at moderate risk of decompensating when under stress but with the intact abilities to follow instructions and manage information, including learning and recall with cueing. (*Id*.) The ALJ relied on Dr. Huthwaite's findings and limited Plaintiff accordingly to unskilled work with additional limitations of non-production work, simple instructions only and minimal public interaction. (Tr. 19). This mental RFC assessment is congruent with the findings of state agency psychological consultants Jeff Harlow, Ph.D. and Allen Carter, Ph.D. (*See* Ex. 4-F.)

Plaintiff contends as well that stress prevents her from working and the ALJ did not properly evaluate her lack of ability to deal with stress. The ALJ adequately accounted for Plaintiff's problems with stress by limiting her to non-production work and reducing to a minimum her required interaction with the public. This also adequately accounted for any social limitations Plaintiff has. Plaintiff's essential argument is that the term "*with cueing*" is not expressed by the ALJ in the formulation of the RFC nor in the questions to the vocational examiner (VE). (Pl.'s Reply 4) (emphasis in the original). There is no evidence in the record that cueing is anything more than the "supervision or assistance . . . usually given other people doing simple work." 20 C.F.R. 404.1573(b).

Plaintiff bears the burden of proving that she is disabled. Where an RFC is based on a well-reasoned and articulated evaluation of all the evidence found in the record as a whole, it is conclusive. Here, the ALJ expressly relied on Drs. Huthwaite, Harlow, and Carter (by description as "psychological consultative examiner" and "state agency reviewing psychologists"), the Plaintiff's activities of daily living as she related them

both to her treatment providers and in testimony, her testimony of the beneficial effect of medication, and her employment history of both simple and semi-skilled jobs which ended due not to her disability to perform them but a lack of available work. (Tr. 18-19). The third error claimed by Plaintiff is without merit.

**IV.     Did the ALJ err in evaluating Claimant's credibility?**

The fourth and final asserted error is that the ALJ relied on what Plaintiff contends are faulty assumptions and irrelevant facts in his credibility determination of her symptoms and limitations. (Pl.'s Br. 15.)  Although the ALJ noted her successful work activities and her representation of continuing ability to work in seeking unemployment compensation, these were not the only factors relied on by the ALJ in his decision.  As required by Social Security Regulation 20 C.F.R. 404.1529 and SSR 96-7, the ALJ engaged in further evaluation of Plaintiff's symptoms and expressly considered the treatment regimen which Plaintiff sought for her alleged anxiety and depression as well as her usual daily activities.  (Tr. 20.)  These factors, in conjunction with her work history and asserted ability to continue work in order to obtain unemployment compensation, establish substantial evidence to support the ALJ's findings.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be affirmed.  Under 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, 26th day of September, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE
